**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| OPIE WRAY TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-400-TLW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Opie Wray Tate seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 11). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## INTRODUCTION

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the

evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## BACKGROUND

Plaintiff, then a forty-five year old male, protectively filed for Titles II and XVI benefits on June 29, 2010, alleging a disability onset date of June 1, 2010. (R. 127-130). Plaintiff alleged that he was unable to work due to "heart trouble, diabetic, lower back problems, high blood pressure, [and] high cholesterol." (R. 172). Plaintiff's claims for benefits were denied initially on October 29, 2010, and on reconsideration on January 5, 2011. (R. 65-73, 77-82). Plaintiff then requested a hearing before an administrative law judge ("ALJ"), and the ALJ held a hearing on December 21, 2011. (R. 33-60). The ALJ issued a decision on February 9, 2012, denying benefits and finding plaintiff not disabled. (R. 14-28). The Appeals Council denied review, and plaintiff appealed. (R. 1-6).

### **The ALJ's Decision**

The ALJ found that plaintiff had not engaged in any substantial gainful activity since June 1, 2010. (R. 20). The ALJ determined that plaintiff had the following severe impairments: "mental retardation, uncontrolled diabetes with neuropathy, and obesity." Id. The ALJ found plaintiff's allegations of heart problems "non-severe." Id. Plaintiff did not meet or medically equal a listing. (R. 21-23). Applying the "paragraph B" criteria to plaintiff's mental impairments, the ALJ concluded that plaintiff had mild difficulties in activities of daily living, and social functioning; and moderate difficulties with concentration, persistence, and pace; and no episodes of decompensation. (R. 22).

The ALJ then reviewed the medical evidence and the testimony from the ALJ hearing to determine plaintiff's residual functional capacity. (R. 22-30). The ALJ concluded that plaintiff retained the following RFC:

> Opie Wray Tate was 45 years of age on the alleged onset date of disability (June 1, 2010) (he is currently 46 years of age with a birth date of May 5, 1965) with a 6th grade education (1974) with past relevant work identical to that identified by the vocational expert in this case to include that of a cabinet builder (2004-2010), sanitation crew at a canning company (2003), shipping worker at a furniture manufacturer (2001-2002). With respect to lifting, carrying, pushing, and pulling, he is limited to light and sedentary exertion work. With respect to walking or standing, he is limited to 2 hours (combined total) of an 8-hour workday, with regular work breaks. He is able to sit for 6 hours (combined total) of an 8-hour workday, with regular work breaks. He is able to climb ramps or stairs only occasionally, is able to bend, stoop, crouch, and crawl not more than occasionally and is unable to climb ropes, ladders, and scaffolds, or work in environments where he would be exposed to unprotected heights and dangerous moving machinery parts or environments where he would be exposed to extremes of temperature (less than 50 degrees Fahrenheit or more than 90 degrees Fahrenheit). He is unable to perform tasks requiring overhead reaching more than occasionally and is further unable to perform tasks requiring the use of foot pedals more than occasionally. He is able to understand, remember, and carry out simple to moderately detailed instructions in a work-related setting, and is able to interact with co-workers and supervisors, under routine supervision.

(R. 23). With those limitations, plaintiff was unable to return to any of his past relevant work. (R. 25). Relying on the vocational expert's testimony, the ALJ found that plaintiff could perform other work, such as a bakery worker, a bench assembler, a touch-up screener, and a polisher. (R. 27). Accordingly, the ALJ found plaintiff not disabled.

## ANALYSIS

On appeal, plaintiff raises a single point of error. (Dkt. 28). Plaintiff argues that the ALJ improperly determined that he did not meet Listing 12.05(C). Id.

The Court has carefully read the briefs and the entire administrative record. After reviewing the applicable case law and regulations, the Court finds that plaintiff's allegation of error does not warrant reversal.

**Listing 12.05**

Listing 12.05 requires a claimant to establish "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.* the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied." 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.05. So, a claimant must establish two things to meet Listing 12.05: (1) that he or she has significantly subaverage general intellectual functioning with deficits in adaptive functioning; and (2) that this functioning manifested itself before the age of 22. If both of these requirements are met, a claimant can establish that he or she meets the level of severity required by showing that paragraph A, B, C, or D is satisfied. Plaintiff argues that he meets both requirements and that he established the severity level necessary under paragraph C. Paragraph C is met when a claimant has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Id. The Court's ruling is based on the plaintiff's failure to meet the second requirement and the Paragraph C criteria.

With regard to the second requirement, that the impairment manifest itself prior to age 22, plaintiff's sole argument is that "the ALJ acknowledged Plaintiff had a 'marginal education' and the record shows Plaintiff is illiterate. Plaintiff's schooling obviously occurred prior to age 22 and his illiteracy would have been manifest during that time. Both are solid evidence

4

demonstrating deficits beginning in the developmental period." Dkt. 28 at 6. Assuming plaintiff's argument is accepted, "deficits" alone prior to age 22 are not enough. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.05 (requiring "significantly subaverage general intellectual functioning with deficits in adaptive functioning"). Rather, a claimant must show that a severe deficit existed (i.e., that both elements and the severity requirement were met) prior to age 22. The only deficit plaintiff argues he had prior to age 22 was "illiteracy" caused by a "marginal education." Dkt. 28 at 6. Illiteracy is actually a vocational factor rather than a functional limitation, see 20 C.F.R. §§ 404.1564, 416.964, and is, therefore, not enough to establish that plaintiff met the listing 12.05 requirements prior to age 22.

As to Paragraph C, there is substantial support in the record for the ALJ's finding that plaintiff does not now meet the severity criteria set out in that paragraph and that he did not meet the criteria before he turned 22. Plaintiff contends that he meets the Paragraph C criteria because Denise LaGrand, Psy.D. assessed him with a full scale IQ score of 67 and he suffers from the additional physical impairments of uncontrolled diabetes with neuropathy and obesity. On this point, the ALJ said:

> In terms of the requirements of paragraph C, they are not met because the claimant does not a have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. He has an IQ score of 67, but the score is incongruous with his work history as a skilled cabinetmaker. The undersigned believes the score is more closely related to his illiteracy and difficulty with written instructions and questioning than a true reflection of his intelligence. In her evaluation of the claimant's mental processing, psychologist Denise LaGrand, Psy.D. wrote that Mr. Tate's Full Scale IQ was not an adequate representation of his overall functioning. She called for his individual strengths and weaknesses to be taken into account (Exhibit 6F, page 3). That is what the undersigned has done.

Id. at 6.

The ALJ and plaintiff are correct that Dr. LaGrand assigned plaintiff a full scale IQ score of 67. But the ALJ is correct that she nonetheless opined that although his "overall cognitive functioning is in the Mentally Retarded range, [t]he differences among his scores indicate that his Full-Scale IQ score is not an adequate representation of his overall functioning, and individual strengths and weaknesses need to be taken into account." (R. 353). The ALJ specifically stated in his decision that he followed Dr. LaGrand's advice and examined plaintiff's individual strengths and weaknesses in the context of paragraph C. (R. 22). The result of this examination was the ALJ's conclusion that plaintiff's IQ score was inconsistent with his prior work as a skilled cabinet maker and was not reflective of his actual intelligence. The ALJ also specifically noted that despite a full scale IQ score of 67, Dr. LaGrand did not state that plaintiff could not complete tasks, only that his processing speed was reduced. (R. 25, 353).[1]

Nonetheless, plaintiff argues that the ALJ improperly relied on plaintiff's prior cabinet making, noting that plaintiff testified at the hearing that he "put glue on wood, and put the pieces together and that was it." (R. 44.) But at step 3 the burden is on plaintiff to establish that he meets a listing. Putting glue on wood and putting the pieces together, without more, does not establish that he was not employed as a skilled cabinet maker or that it was improper for the ALJ to rely on plaintiff's work as "a skilled cabinet maker" in evaluating his intelligence. In fact, on his work history report, plaintiff's spouse identified six prior jobs held by plaintiff, all of which (including his "door making" job) she indicated required him to use "technical knowledge or skills" and two of which required him to "[u]se machines, tools, or equipment." (R. 143-50.) The ALJ's decision notes that he considered all of the evidence (R. 18, 20, 23) and the fact that he

---

[1] In order to account for this slower processing speed, the ALJ limited plaintiff to "far simpler work" than the skilled labor of cabinet making (SVP 6) that plaintiff previous successfully performed. Id.

asked plaintiff about the cabinet making position at the hearing evidences this fact with respect to plaintiff's prior work.

The Court is not permitted to reweigh the evidence, and in this instance, substantial evidence exists to support the ALJ's decision, see Newbold v. Colvin, 718 F.3d 1257, 1265 (10th Cir. 2013) and White, 287 F.3d at 908; particularly in light of the burden at step 3.

## **CONCLUSION**

For the reasons stated above, the decision of the Commissioner finding plaintiff not disabled is **AFFIRMED**.

SO ORDERED this 19th day of September, 2014.

_____
T. Lane Wilson
United States Magistrate Judge